***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission modifies and affirms the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on December 26, 2000.
2. An employment relationship existed between plaintiff and the defendant-employer.
3. The carrier on the risk is American Home Assurance Company.
4. The date of alleged injury was on or about December 26, 2000.
5. The plaintiff asserts that the average weekly wage at the time of the alleged injury was $306.00. Defendants will provide Form 22 by or at hearing.
6. The parties stipulated into evidence as Stipulated Exhibit #1, the Pre-Trial Agreement.
7. The parties stipulated into evidence as Stipulated Exhibit #2, a packet of plaintiff's medical records.
8. The parties stipulated into evidence as Stipulated Exhibit #3, an I.C. Form 18 dated January 25, 2001, an I.C. Form 33 dated March 14, 2001, an I.C. Form 61 dated March 22, 2001, and an I.C. Form 33R dated April 19, 2001.
9. The parties stipulated into evidence as Stipulated Exhibit #4, this January 7, 2002 letter requesting that the I.C. not consider awarding compensation based upon the knee injury, as it is clearly not compensable. Furthermore, none of the treatment of Dr. Appert would be included as part of plaintiff's claim, nor would the arthroscopy procedure performed by Dr. Bloem.
 ***********
Based upon all the competent evidence in the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 27-year-old male, who had been working for defendant-employer since approximately 1996. On December 26, 2000, plaintiff was working as a sales associate for defendant-employer in the sporting goods department. Plaintiff testified that while he was helping a customer get a tent off a shelf, he hurt his back. There were no witnesses to this event.
2. Plaintiff did not report any injury to his employer until approximately two weeks after he claims to have hurt his back. Furthermore, the proper paper work required by defendant-employer for reporting an injury on the job was not filled out by plaintiff until sometime in March, 2001.
3. Plaintiff had had a previous work-related injury he sustained working with defendant-employer in 1999. Following that injury, plaintiff reported his injury to his supervisor, completed the necessary paperwork and was sent to the company doctor. Plaintiff knew the procedure which defendant-employer required when an injury on the job occurred and how to report it and to whom.
4. In this case, plaintiff never went to the company doctor but instead went to his family doctor, Dr. Stephanie Griffin.
5. Plaintiff had been experiencing knee and leg pain prior to December 26, 2000. The evidence supports that plaintiff sought treatment with Dr. Griffin for complaints of leg and back pain on November 1, 2000, December 11, 2000 and December 19, 2000. In addition, plaintiff underwent a lumbar MRI at Dr. Griffin's request on December 13, 2000.
6. On December 28, 2000, two days after plaintiff states he injured his back, he was seen by Dr. Griffin but he did not mention a work injury or any increase in his symptoms to his back, as compared to his previous visits.
7. On June 7, 2001, plaintiff was evaluated for left knee pain by Dr. Josephus Bloem, an orthopaedic surgeon in Rocky Mount. Dr. Bloem noted a history of a sprained knee occurring approximately one year earlier and also noted that plaintiff did not recall the details of his injury. Plaintiff underwent a left knee arthroscopy on July 5, 2001 and, while Dr. Bloem did find a small meniscal tear, he noted that "there is no good explanation for the patient's lasting symptoms."
8. On June 12, 2001, Dr. Griffin wrote a letter explaining that plaintiff had been under her care for left leg and back pain since November 1, 2000. She noted that he needed to remain out of work pending knee surgery and assigned restrictions of no lifting greater than 20 pounds and restricted plaintiff's bending, stooping and standing. Dr. Griffin also completed a short-term disability form indicating that plaintiff experienced the onset of back, leg and knee pain in mid-October 2000 and that plaintiff became unable to work because of these conditions on November 1, 2000. There is no mention of a work injury on either of these documents and, in fact, Dr. Griffin explained that she did not understand that plaintiff was pursuing a Workers' Compensation claim until she was deposed. Dr. Griffin was deposed by the parties on October 15, 2001.
9. Plaintiff did not report a work injury to any of his treating physicians.
10. Plaintiff has not proven he sustained an injury at work on December 26, 2000.
11. Plaintiff has not proven that his back condition was causally related to his employment, or any of the duties performed by him in his capacity as a sales associate for defendant-employer.
12. Plaintiff's knee injury in this case is not compensable.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer, or a specific traumatic incident of the work assigned on December 26, 2001.
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition.
3. Plaintiff's knee injury in this case is not compensable.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
BSB:md